The case is taken under advisement. The seventh case is to be decided on the briefs and we move to case number eight, Ramos-Braga v. Sessions. Good morning. May I please report? Carlos Pinos for Petitioner Ramos-Braga. The Executive Office of Immigration Review is the agency with the duty to adjudicate the most serious forms of legal relief for non-citizens. Protection from torture, protection for their lives and freedom, and protection from domestic abuse. This case is about the agency's abdication of that duty in denying my client's motion to reopen. A motion that was aimed at correcting the agency's error as well as that of former counsel. The reason for denial was simply that the motion was untimely and that it was his second one. But that fails, however, because the law carves out two exceptions. One which tolls the time and numeric limitations and the second one changed circumstances which makes those limitations completely inapplicable as a matter of law. My client met those two exceptions and therefore the Board of Immigration Appeals, the agency, denial of the motion is in error and must be reversed. Counsel, I'll tell you what I'm struggling with in this case. Is the evidence of the police or the government generally's, I know it doesn't have to be support, but involvement in or condonement of or turning a blind eye to or inability to control PCC generally. Because your client introduced evidence of police brutality, certainly, which was mostly of a nature of police shooting first and asking questions later in an attempt to enforce the law. But the evidence that your client introduced didn't relate to the police's inability to control PCC in particular. I mean, there was evidence of the rise of PCC and its expansion into getting funding from China. But that connection, if you could talk about that a little bit, I'd appreciate it. Yes, Your Honor. Certainly, just to say there are other pieces of evidence and I want to make sure those are clear for the court because that would go to Your Honor's concern. So in addition to talking about the death squads, essentially police officers killing individuals similarly situated to Mr. Ramos Braga, there are other evidence showing that the PCC has infiltrated the police. In fact, evidence shows at the record some of those articles show they're taking training in explosives along with the police. So they're being allowed. But that was an outside contractor, right, that set up a training, and it wasn't that the police welcomed the PCC into their ranks. It was that the PCC kind of duped the contractor who didn't perform background checks, and so they were able to get this training. But that article didn't say that the police subsumed them into their ranks. So they're being, through corruption and other unlawful means, being allowed to train and infiltrate the police training. When you say infiltrate, though, do you mean infiltrate the police force so that they are acting with the police when the police go out into the streets? In that specific instance, infiltrate the training. There is other evidence in the case that does talk about infiltrating the police force to act on behalf of the PCC. And so let me talk about those two points. First, that was already part of the record. It was established and held by the immigration judge. What had happened to Mr. Ramos Braga is that the PCC had witnessed how, through bribes and corruption, work with the PCC. So when he went to report the PCC's attacks, he was actually beaten for reporting the PCC. So that's a direct evidence that the PCC, through corruption and the police officers and corrupt officials' unwillingness to do their job, perform their duty, are acquiescing or turning a blind eye to what's happening to the respondent. Something very serious happened, and I think it's important not to ignore it. It was recently and was submitted in evidence. So what happened to the mother is that she was threatened by the PCC. And what she recounts, there are several letters that are not as easy to read, especially when translated. But what happened is she went to the police, and the police actually refused to take her report. They said, we're not going to take it. She kept trying. They said, we're not going to take it here. The jurisdiction where the threats arose and where Mr. Ramos's, Braga's mother lives. So she had to essentially, she was sent into another jurisdiction, to another neighborhood. So she made several efforts. And so the police shows how they are indeed turning a blind eye. Their unwillingness to even levy a report at the right time and place. I'm confused. I thought they said they were going to investigate it. That was after her efforts to file the report again. But the first time, they were unwilling to take it. And she explains that in her letter. So a report was ultimately taken after she was denied the ability to file it in the first place. And so that goes to, obviously, the turning of the blind eye. And that is recent evidence that obviously was not available because she hadn't been threaded in that way before. And she hadn't had that contact with the police. And so that would relate to the arguments for both withholding of removal but also CAT. And that's not the only form of relief that was available to the respondents. So I hope that answers your Honor's question regarding that. Something very important to mention is the facts that had been previously established are not at issue. They're factual findings that the government never challenged. And neither do we. The factual findings by the judge that were elicited through credible testimony were found credible and so are now the facts of the case. So Mr. Ramos' Braga's encounter with the police, the fact that he was tortured as a minor, he was a teenager and brutally beaten by the police for reporting to PCC, those are already factual findings that are not before this court for review. They're just part of the case that now with the – they were clear then in our opinion, but even with the new evidence now, they're strengthened even more. So going back to the exceptions because I think that's really clear. And Mr. Ramos' Braga, if he meets one of the two exceptions, his petition for review has to be granted because the grounds for denial for the motion were that it was number and numerically limited. So it was subject to those limitations. Those are grounds for denial. And so if we prove that those limitations are not applicable, the petition for review has to be granted. So regarding equitable tolling. Equitable tolling based on effective assistance of counsel is – the test is very simple, due diligence. And what do we mean by due diligence? Well, could the petitioner reasonably be expected to file sooner? So that requires talking about what my client needs. You're under rebuttal time. So I'll just say that there is no case by this circuit that shows more efforts than my client did in being diligent. He filed. He filed repeatedly, taught himself the law, amended, filed new evidence in a fairly short period of time. And so I'll reserve the rest of my time for rebuttal. Thank you. Thank you, Counsel. Ms. Strokos. Good morning, Your Honors, and may it please the Court. My name is Jessica Strokos on behalf of the Attorney General of the United States. Your Honor, this Court should deny the petition for review in this case. Just as a brief legal outline for the Court to understand what it is reviewing here, the Court is only reviewing the Board's denial of Petitioner's second untimely motion to reopen. Petitioner sought to excuse the time and number bars by demonstrating a change in country conditions or that he was entitled to equitable tolling based on ineffective assistance of counsel. Therefore, the scope of this Court's review is limited to only those determinations. Anything else raised by Petitioner to this Court is outside of the scope of this Court's review. Petitioner focused much of his argument on ineffective assistance of counsel. And to show ineffective assistance of counsel such that he would be entitled to equitable tolling, it was Petitioner's burden to demonstrate due diligence and prejudice. To demonstrate prejudice, it was Petitioner's burden to show that had his counsel acted differently, the outcome of the case would have been different. And he is unable to show that in this case. First, Petitioner alleged that he was prejudiced by his prior counsel because his prior counsel did not challenge his removability under Section 1227A2 of the Immigration and Nationality Act. However, Petitioner ignores that he was otherwise removable under Section 237A1B. Petitioner also says that his prior counsel should have challenged his ground of removability based on the 2CAMT grounds because it was the only reason he was ineligible for special rule cancellation of removal. But that ignores the Immigration judge's finding that he was otherwise inadmissible and therefore statutorily ineligible for special rule cancellation of removal. Your Honor, can you talk about why the affidavits from the mother, talking about the threat to his grandfather and the mother, the threat to the mother and the report to the police station that went unanswered, can you talk about that, why that's not a changed condition showing that the PCC might be likely to torture and the government unable to stop it or unwilling to? Sure, Your Honor. First, to demonstrate a change in country conditions, it was Petitioner's heavy burden to show that conditions had actually changed. And Petitioner himself just admitted that before the Immigration judge was evidence that he was tortured, that the PCC wanted to kill him, that they beat him, that they shot him. And in the mother's affidavit, all it really shows is that the PCC continues to target his family in Brazil and wishes to target him in Brazil. That does not demonstrate a change. That demonstrates that conditions are the same. And regardless of what this Court may believe about the agency's underlying decisions, that's not the decision before this Court right now. The decision before this Court is the Board's decision regarding the second untimely motion to reopen. And to excuse that, it was Petitioner's heavy burden to show a change. Regarding the mother's affidavits, the agency noted two things about Petitioner's evidence for changed country conditions. The agency first stated, particularly with respect to the affidavits, that they either did not present new previously unavailable evidence or it was unclear that they presented new previously unavailable evidence. It was Petitioner's burden to show that the evidence was not previously available. And second, the agency noted that this evidence merely demonstrated a continuation of previous conditions, which is insufficient to demonstrate that Petitioner was entitled to reopening based on changed country conditions. And, Your Honors, I would like to take a moment to discuss the standard of review that this Court applies when reviewing untimely motions to reopen and reconsider. This Court applies the abuse of discretion standard. And under that standard, this Court can only reverse the agency's decision if it was arbitrary, irrational, or contrary to law. And in this case, the record does not demonstrate that the agency's decision was arbitrary, irrational, or contrary to law, or for purposes of changing country conditions, Petitioner did not demonstrate that his evidence was not previously available or that it demonstrated an actual change in conditions, and did not demonstrate that he exercised due diligence, where he knew about the flaws that he points out by his previous counsel. He knew about that before the Board's decision on the merits even came out, and yet did nothing until his second untimely motion to reopen, and where he was not prejudiced, where, as I said before, his removability based on Section 1227A2A2 really has no bearing on the outcome of this case, and the agency's underlying decision, as pointed out by the Board and by his prior counsel's response to his allegations of ineffective assistance of counsel, did not center on government acquiescence for purposes of CAF. It was whether or not he met his burden of establishing it was more likely than not that he would be tortured. In fact, I believe that Petitioner's prior counsel even states that up until Petitioner's new counsel sent the letter informing him of the ineffective assistance allegations, no one in this case had even discussed government acquiescence, and it is only now in his second untimely motion to reopen that he's arguing government acquiescence in order to reopen his case, but his prior counsel did not err in not raising it where it was not at issue and where the agency could have relied and did rely on an alternative basis in denying his original merits determination. Your Honors, if there are no further questions. I don't believe so. Thank you. Thank you, Your Honors. We request that the Court deny the petition for review. You have about a minute and a half for your rebuttal. Yes, Your Honor. It's wholly inaccurate that the standard to be applied here is that of abuse of discretion. First, the government's brief doesn't even squarely address it. They use the word discretion here and there, but they don't actually address it. In some instances, for untimely motions to reopen and reconsider, the abuse of discretion standard would apply, but for equitable tolling, the Supreme Court has stated that the applicability of equitable tolling is a question of law, and so no one in good faith knowing the precedent and the regulation would say that this Court does not review legal questions of the noble. And the applicability of equitable tolling is such a question. Second, abuse of discretion does not apply to changed circumstances. Why? Because the regulation itself that we cite says specifically, this limitation shall not apply to changed circumstances, to motions based on changed circumstances. Shall not apply. So the language used by the statute and the regulation, the CFR, specifically says the untimeliness becomes completely irrelevant, so the abuse of discretion standard would not apply because we're not talking then about whether the motion is untimely or not. We're talking about whether there are changed circumstances. And for that, all we have to prove is that evidence is material. No one says at a price on my client's head the fact that his grandfather was held at gunpoint, that his mother was threatened, and that his life was threatened through that, is not material. Of course it's material because it relates to asylum and withholding, to a risk to his life. That's all he has to show. And he then has to show that he was not available before. These incidents happened after his hearing, which occurred in June 2014, and the deponents talk about the availability of those testimonies before or thereafter. So he has met changed circumstances. The evidence is material to a threat to his life, and he was not previously available at the last hearing. That's all he needs to show. Thank you, counsel. Thank you. Thanks to both counsel and the cases taken under advisement.